**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CHARLOTTE GOMILLION                                                                                    PLAINTIFF

v.                                            NO. 4:13CV00281 JLH

UNIVERSITY OF ARKANSAS
BOARD OF TRUSTEES                                                                                    DEFENDANT

## ORDER

The University of Arkansas Board of Trustees filed a motion to dismiss Charlotte Gomillion's second amended complaint, arguing that Gomillion did not file her EEOC charge of discrimination within 180 days after the alleged last incident occurred, so that charge was not timely; Gomillion did not plead facts sufficient to establish the necessary elements of a disability claim; and the University of Arkansas Board of Trustees is immune from claims under the Arkansas Civil Rights Act.

Gomillion filed a brief in response to the motion to dismiss, and she also filed a motion for leave to file a third amended complaint, along with a proposed third amended complaint. The defendants have objected to the motion for leave to file a third amended complaint on the ground that it purports to add as defendants Donald R. Bobbitt, as President of the University of Arkansas Board of Trustees, in his individual and official capacities, and Daniel W. Rahn, as Chancellor of the University of Arkansas for Medical Sciences, in his individual and official capacities.

The argument pertaining to the timeliness of the EEOC charge of discrimination is based on the fact that the EEOC Form 5 is file-stamped as received by the EEOC on September 13, 2012, while the last act of discrimination alleged in the charge was January 19, 2012, which was more than 180 days before the file-stamped date. In response, however, Gomillion has provided a copy of her EEOC intake questionnaire, which is file-stamped as received by the EEOC on July 17, 2012.

July 17, 2012, was exactly 180 days after January 19, 2012, so it appears that Gomillion's initial allegations were made to the EEOC within 180 days after the last date of discrimination. The intake questionnaire includes an allegation that Gomillion was discharged after filing EEOC and internal complaints of discrimination. Accordingly, the Court declines to dismiss Gomillion's Title VII claims that she was discharged in retaliation for engaging in conduct protected under Title VII.

The defendants also argue that Gomillion fails to allege facts sufficient to establish a claim of disability. After careful review, and liberally construing the complaint in light of the fact that it is *pro se*, the Court concludes that Gomillion has alleged sufficient facts to meet the pleading standards of the Federal Rules of Civil Procedure on her claim of disability discrimination.

Gomillion's proposed third amended complaint does not include a claim under the Arkansas Civil Rights Act, so it is unnecessary for the Court to rule on the issue of whether the University of Arkansas Board of Trustees is immune from suit under that Act.

The defendants are correct, however, that the third amended complaint does not specify any basis for relief against Donald R. Bobbitt in his individual capacity or Daniel W. Rahn in his individual capacity. Moreover, the purported claims against those two in their official capacities are redundant inasmuch as the Board of Trustees of the University of Arkansas is already a defendant.

Gomillion's motion for leave to file a third amended complaint is granted in part. Gomillion's third amended complaint will be deemed filed on the date that the Court enters this Order, and the time for filing an answer under the Federal Rules of Civil Procedure will begin to run on that date. For the reasons stated, however, the Court declines to allow Gomillion to add Bobbitt and Rahn as defendants, and their names are struck from the docket as defendants.

For the reasons stated, the University of Arkansas Board of Trustees' motion to dismiss for failure to state a claim is denied. Document #35. Charlotte Gomillion's motion for leave to file a third amended complaint is granted in part and denied in part. Document #39.

IT IS SO ORDERED this 7th day of February, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE